## Hughey, &c. *vs.* Sidwell's Heirs.

### APPEAL FROM MASON CIRCUIT.

Case 36.

| 18bm259 |
|---|
| 104 690 |
| 104 691 |

Pet. Eq.

1. When a will has been admitted to record by the county court, the Chancellor has no j.risdiction to vacate the action of the county court, on a petition in equity to set aside the will. The only mode of reaching that object is by appeal to the circuit court. (*Rev. Stat.* 28, 29; *Civil Code, sec* 20.)

2. An original proceeding in equity to vacate a will which has been admitted to record in the county court, is allowable in two cases only: 1. To impeach a decision of a circuit court affirming an order of probate, upon grounds that would give a court of equity jurisdiction over any other judgment at law as provided by the *Rev Stat. chap.* 106, *sec.* 36. *page* 700. 2. In behalf of non-residents, and others interested in the probate, who were not parties to the proceeding, by actual appearance or service of process. (*Chap.* 106, *sec.* 38.)

3. A petition seeking a division of an estate will not confer jurisdiction on the Chancellor to set aside a will which he had not, independently of the purpose of division.

4. Failing to demur to a petition in equity, or object to the jurisdiction of the Chancellor in the circuit court, will not prevent the party from availing himself of the objection to the jurisdiction in the court of appeals. (*Civil Code, sec.* 123.)

Will Case.

[The facts of the case, so far as necessary to understand the point decided, are set out in the opinion of the court. Rep.]

*Harrison*, for appellants.

*James Harlan*, for appellees.

Judge Stites, delivered the opinion of the court.

Sept. 30, 1857.

This was a petition in equity, brought by appellants in the Mason circuit court, to annul and vacate a paper which had been regularly admitted to probate by the county court of Mason, as the last will and testament of Aaron Sidwell, deceased; and also to obtain a division of the decedent's estate.

The ground relied on to annul the will was the want of a sufficient subscription of the testator's name.

HUGHEY, &c.,
vs.
SIDWELL's H's.

The appellees resisted the relief sought in the petition, and without raising any question of jurisdiction, submitted the sufficiency of the subscription to to the court. Upon hearing, the court pronounced the subscription valid, declared the paper to be the last will of the decedent, and dismissed the appellants with costs, and from that judgment they have appealed.

The petition was rightfully dismissed, but not on the ground set forth in the judgment. It should have been dismissed for want of jurisdiction.

The paper sought to be annulled had been regularly admitted to probate, as the last will of the decedent, by a court of competent jurisdiction, and the order of probate establishing the will, until reversed, superseded, or vacated by another tribunal, in the mode prescribed by law, was conclusive between the parties. It is a judgment of a court having jurisdiction over the subject matter, and cannot be assailed collaterally, nor revised by an indirect proceeding.

1. When a will has been admitted to record by the county court, the Chancellor has no jurisdiction to vacate the action of the county court, on a petition in equity to set aside the will. The only mode of reaching that object is by appeal to the circuit court. (*Rev. Stat.* 28,29; *Civ. Code, sec. 20.*)

There is, at present, but one mode of reaching it, and that is by appeal to the circuit court of the county where the order was made. (*Rev. Stat.* § § 28, 29; *Civil Code* § 20.)

Original proceedings in chancery, to set aside or vacate wills that have been admitted to probate, are now only allowed in two classes of cases. The one, to impeach the final decision of the circuit court affirming an order of probate, upon any ground that would give jurisdiction to a court of equity over any other judgment at law, as provided in the *Revised Statutes, chap.* 106, § 36, 700. And the other, in behalf of non-residents, and other persons interested in the probate, who were not parties to the proceeding by actual appearance or personal service of process. (*Same chapter*, § 38.) The present case is not within either provision, and consequently the circuit court had no power to grant the relief in the manner in which it was sought.

2. An original proceeding in equity to vacate a will which has been admitted to record in the county court, is allowable in two cases only : 1. to impeach a decision of a circuit court affirm-

Nor did the prayer for a division of the estate confer jurisdiction  The division was subordinate to an order setting aside the will. It was merely an incident to the main object of the proceeding, which was the annulment of the will. And, as the jurisdiction was inadequate to accomplish the object, without which the division could not he then had, it results that the division was equally beyond the power of the court.

Nor did the failure to object to the jurisdiction by demurrer or answer amount to a waiver of such objection, so as to preclude the party from the benefit of it here. Such objections are expressly excepted from the rule requiring them to be taken in the pleadings below, and, when apparent upon the face of the petition, are always available in this court. (*Civil Code*, § 123.) And, besides, this is a case in which jurisdiction could not be conferred even by express consent.

We are therefore of opinion that the circuit court had no jurisdiction of the subject matter of the petition, and that its judgment dismissing the petition, though inoperative and of no effect as to the validity or invalidity of the will, was proper and should be affirmed.

We have abstained from expressing any opinion as to the sufficiency of the subscription of the testator's name to the will, because that question cannot be considered on this appeal. It was not within the jurisdiction of the circuit court, and is not now properly before this court.

Judgment *affirmed*.

HUGHEY, &c.,
vs.
SIDWELL's H's.

ing an order of probate, upon grounds that would give a court of equity jurisdiction over any other judgment at law as provided by *Rev. Stat. chap.* 106, *sec.* 36, *page* 700.

2. In behalf of non-residents, and others interested in the probate, who were not parties to the proceeding, by actual appearance or service of process. (*Chap.* 106, *sec.* 38.)

3. A petition seeking a division of an estate will not confer jurisdiction on the Chancellor to set aside a will which he had not, independently of the purpose of division.

4. Failing to demur to a petition in equity, or object to the jurisdiction of the Chancellor in the circuit court, will not prevent the party from availing himself of the objection to the jurisdiction in the court of appeals. (*Civ. Code, sec.* 123.)